**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) JAMES ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIV-14-913-F |
| | ) | |
| **vs.** | ) | |
| | ) | **VERIFIED COMPLAINT** |
| **(1) ROSENTHAL, MORGAN, AND THOMAS, INC.,** | ) | **(Unlawful Debt Collection Practices)** |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S VERIFIED COMPLAINT**

NOW COMES Plaintiff, James Allen, and for the Verified Complaint against Defendant, Rosenthal, Morgan, and Thomas, Inc., alleges as follows:

**INTRODUCTION**

Several years ago, Plaintiff cancelled his residential alarm monitoring service, then later settled with the alarm monitoring service regarding a cancellation fee and/or final balance.  This year, Plaintiff began receiving communications from Defendant regarding the same settled debt.  Plaintiff informed Defendant during at least one of the calls that he had already paid this amount that Defendant claimed was owed to the alarm monitoring company

On or about March 28, 2014, Plaintiff wrote to the Defendant, advising that he refused to pay the alleged debt, and requesting that the debt be marked as "disputed" if Defendant was reporting the debt to Plaintiff's credit bureaus.  However, despite Defendant's knowledge that Plaintiff refused to pay the disputed debt, Defendant made several additional attempts to collect from Plaintiff, eventually prompting this lawsuit.

## STATUTORY BASIS OF COMPLAINT

1.      Plaintiff states a claim against Rosenthal, Morgan, and Thomas, Inc. for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2.      Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4.      Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person who resides in Oklahoma City, County of Oklahoma, Oklahoma.

7.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in  St. Louis, Missouri.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     On or about January 16, 2014, Defendant began placing collections calls to Plaintiff seeking and demanding payment for a debt purportedly owed to Monitronics Security for residential burglary alarm service monitoring.

12.     During at least one conversation with Defendant, Plaintiff informed Defendant that he had already settled the all balances with Monotronics Security.

13.     On or about March 28, 2014, Plaintiff wrote to Defendant and advised that he refused to pay the debt they sought to collect.

14.     On or about May 16, 2014, Defendant wrote to Plaintiff, acknowledging receipt of Plaintiff's letter, but again seeking to collect the debt.

15.     Several days later, on May 27, 2014, Defendant called and left a voicemail for Plaintiff again seeking to collect a debt.

16.     On May 28, 2014, counsel for Plaintiff sent a letter of representation to the Defendant.

17.     On June 3, and June 4, 2014, Defendant contacted counsel for Plaintiff, again seeking to collect a debt.

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18.     Defendant violated 1692c(c) of the FDCPA by seeking to collect a debt after receiving written communication from the consumer that he refused to pay the debt.

**WHEREFORE**, Plaintiff, James Allen, respectfully prays that judgment be entered against Defendant, Rosenthal, Morgan, and Thomas, Inc., for the following:

a)      Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)      Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

c)      Any other relief that this court deems to be just and proper.

Respectfully submitted,


/s/ Victor R. Wandres _
Victor R. Wandres, OBA #19591

PARAMOUNTLAW
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA )
) ss.
COUNTY OF OKLAHOMA )

Plaintiff, James Allen, states as follows:

1.      I am a Plaintiff in this civil proceeding.

2.      I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5.      I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.      Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.      Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, James Allen, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

Aug. 22, 2014
Date

James Allen,
Plaintiff

VERIFIED COMPLAINT                                                      6